**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**


| | |
|---|---|
| **MELANIE WRIGHT,** *Individually* | * |
| *and as the Administrator of the Estate* | * |
| *of Earl Wright* | * |
| | * |
| Plaintiff, *pro se* | * |
| | *      **Civil No.: PJM 14-3991** |
| **v.** | * |
| | * |
| **NATIONSTAR MORTGAGE, LLC,** | * |
| *et al.* | * |
| | * |
| Defendants. | * |
| | * |


<u>**MEMORANDUM OPINION**</u>

This case is yet another attempt by a party to reverse a properly administered state foreclosure proceeding.

Plaintiff Melanie Wright, *pro se*, individually and as the Administrator of the Estate of her father, Earl Wright, has sued almost every entity or person even tangentially involved in the foreclosure of property previously owned by her father. Defendants include the mortgage lender Nationstar Mortgage, LLC (Nationstar); Nationstar loan officers or foreclosure specialists[1]; Nationstar's appointed substitute trustees in the mortgage proceeding[2] (Substitute Trustees) and their counsel[3]; the Substitute Trustees' law firm, Samuel I. White, P.C.[4]; the entities or persons

---

[1] These persons are Nick Green, Jessica Mitchell, and various "John Doe[s]" numbered I through XV.

[2] The Substitute Trustees were John E. Driscoll, III, Esquire, Deena L. Reynolds, Esquire, Jana M. Gantt, Esquire, Laura D. Harris, Esquire, Robert E. Frazier, Esquire, and Kimberly Lane, Esquire. *See* White's Mot. Dismiss, Ex. G., ECF No. 50-8.

[3] Defendants Robert H. Hillman, Esquire and Daniel J. Pesachowitz, Esquire served as counsel for the Substitute Trustees.

[4] The Amended Complaint names "Samuel I. White" as a Defendant. The substitute trustees in the foreclosure action were employed by the Law Offices of Samuel I. White, P.C. The law firm was named after Samuel I. White, a Virginia attorney. Samuel I. White himself was not involved in the foreclosure

who purchased or were scheduled to purchase the home after the foreclosure sale[5] (and their attorneys[6]); Federal Title and Escrow Company (and one of its attorneys, Joe Gentile, Esquire); former United States Secretary of the Treasury Timothy F. Geithner; Richard S. O'Connor, Esquire, the attorney who represented Plaintiff in the mortgage foreclosure proceeding; as well as other individuals or entities[7] whose actual conduct appears to have no bearing on any of the events at issue in the Amended Complaint.

Plaintiff brings twenty numbered Counts against these various Defendants, but the gravamen of her allegations seems to be that Earl Wright's transfer of the property to her was valid, that she or Earl Wright should have received a loan modification package to prevent the foreclosure, and that, despite the fact that the mortgage loan was in default, nearly all of the Defendants conspired against her to wrongfully foreclose upon the home. For the reasons that follow, the Court finds all of Plaintiff's claims to be baseless. Accordingly, the Motions to Dismiss brought by all of the Defendants who have entered an appearance in this matter[8] (ECF Nos. 50, 55, 65, 80, 85, 91, 101, and 107) are **GRANTED**. The Court therefore will **DISMISS WITH PREJUDICE** the pertinent Counts of the Amended Complaint as to these Defendants,

---

action, and he died approximately five years ago. The Court thus assumes for purposes of the Motions to Dismiss that Plaintiff intended to sue the law firm, not the man.

[5] Those Defendants are Baltimore Home Alliance, LLC, who was the original third party purchaser in the foreclosure proceeding, and Eduarda Santiago, who was the substituted fourth party purchaser and who completed settlement with the Substitute Trustees. On September 9, 2015 Santiago filed a Motion to Substitute Party, ECF No. 54, asserting that MD Sant, LLC, to whom she conveyed the home at issue, was the proper Defendant party in interest. As Santiago was merely an intermediate owner of the home, and no longer possesses an interest in the property at issue, the Court granted Santiago's Motion to Substitute Party. ECF No. 113. MD Sant, LLC is now Defendant in this action instead of Santiago.

[6] Stanley Zimmerman, Esquire, and Behzad Gohari, Esquire are attorneys who represented Baltimore Home Alliance during the foreclosure proceeding and are also named as Defendants.

[7] Plaintiff names GMAC Mortgage Corporation, Nationstar's predecessor in interest on the mortgage loan, and Bank of America, N.A. (BANA), which appears to have no interest in the loan at issue, as Defendants. She also names Craig Houghton, Esquire, Nationstar and BANA's attorney, as a Defendant.

[8] These Defendants are Nationstar, BANA, Craig Houghton, Esquire, Federal Title and Escrow Company, Joe Gentile, Esquire, Samuel I. White, P.C., John E. Driscoll, III, Esquire, Daniel J. Pesachowitz, Esquire, Deena L. Reynolds, Esquire, Robert H. Hillman, Esquire, Baltimore Home Alliance, Stanley Zimmerman, Esquire, Behzad Gohari, Esquire, Timothy F. Geithner, and MD Sant, LLC.

but it will also *sua sponte* **DISMISS WITH PREJUDICE** the relevant Counts of Amended Complaint as to all non-moving Defendants, served or unserved.[9]

## I.

Here are the facts.[10]

On June 8, 2005, Plaintiff's father, Earl Wright, purchased a single family home at 419 Lincoln Avenue, Takoma Park, Maryland (the Property), financed by a mortgage loan from GMAC Mortgage Corporation (Loan). Am. Compl. ¶ 44. The Loan was secured by a Purchase Money Deed of Trust, which incorporated an Adjustable Rate (of interest) Rider by reference. *Id.* ¶¶ 44, 61; *see also* Am. Compl. Exs. A, B. Earl Wright transferred the Deed to Plaintiff in March 2008. Am. Compl. ¶ 67. Around December 2009, Earl Wright suffered a major stroke, spending several months in the hospital. *Id.* ¶¶ 69, 78. During this period, his family had difficulty keeping the mortgage current. *Id.* ¶¶ 78-82.

Sometime in early January 2010, Nationstar became the beneficiary under the Loan and Deed for the Property. *Id.* ¶ 70. On January 6, 2010, Earl Wright (acting through Plaintiff under a power of attorney) signed a loan modification agreement with Nationstar. *Id.* ¶¶ 73-75. Shortly thereafter, Nationstar assigned a "foreclosure prevention specialist" to the Loan. *Id.* ¶ 76. Despite

---

[9] These Defendants are GMAC Mortgage Corporation, Robert E. Frazier, Esquire, Jana M. Gantt, Esquire, Laura D. Harris, Esquire, Kimberly Lane, Esquire, Richard S. O'Connor, Esquire, Nick Green, and Jessica Mitchell.

[10] The majority of the facts are as alleged in the Amended Complaint or the exhibits attached to the Amended Complaint. *See* Fed. R. Civ. P. 10(c). However, the Court also considers facts drawn from documents attached to the Defendants' Motions to Dismiss, which are integral to the Amended Complaint and the authenticity of which is not disputed. *See Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006)). Further, the Court takes judicial notice of matters in the public record, such as the mortgage foreclosure proceeding referred to in the Amended Complaint. *Trimble Navigation*, 484 F.3d at 705 (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)).

allegedly being "notified" of the transfer of Property from Earl Wright to Plaintiff, Nationstar continued to list Earl Wright as the record owner and send him loan default notices. *Id.* ¶ 71.

Over the next two years Earl's health deteriorated further, and eventually a significant delinquency in the loan payments developed. *Id.* ¶¶ 78, 83, 86, 94. Earl Wright moved out of the Property. *Id.* ¶ 83. Plaintiff paid what she could toward the Loan, but Nationstar ultimately returned her payments (totaling around $8,000), saying it could not accept partial payments. *Id.* ¶¶ 89-90, 95. Plaintiff contacted Nationstar for help with the Loan. *Id.* ¶ 79. In February 2011, Nationstar informed her that she might be personally eligible for the Home Affordable Modification Program, and that it would help her apply. *Id.* ¶ 96.

In May 2011, Earl Wright passed away. *Id.* ¶ 104.

Despite numerous communications with Nationstar foreclosure prevention specialists throughout 2011 and 2012, Plaintiff did not receive the modification she had hoped for. *Id.* ¶¶ 106-23. She says that she sent all documents requested by Nationstar for purposes of the modification process, but on almost every occasion Nationstar informed her that these documents had not been received or were deficient in some manner. *Id.* ¶¶ 101, 107-08. Eventually, Nationstar made an offer to modify the Loan, but this offer was unacceptable to Plaintiff because, as she alleges, it drastically raised the interest and monthly payments. *Id.* ¶¶ 109-110. According to Plaintiff, Nationstar also told her that she would not be eligible for a loan modification under HAMP because the Loan was in her father's name, not hers. *Id.* ¶ 121.

In January 2013, Nationstar sent notice of the foreclosure proceeding. *Id.* ¶ 128. On January 18, 2013, Nationstar appointed John E. Driscoll, III, Esquire, Robert E. Frazier, Esquire, Jana M. Gantt, Esquire, Laura D. Harris, Esquire, Kimberly Lane, Esquire, and Deena L. Reynolds, Esquire, as substitute trustees (collectively Substitute Trustees) under the Deed of

Trust. *See* White's Mot. Dismiss, Ex. G., ECF No. 50-8. On February 21, 2013, the Substitute Trustees filed an Order to Docket Suit of Foreclosure of Deed of Trust in Montgomery County, Maryland Circuit Court. *Driscoll, et al. v. Wright, et al.*, Case No. 373711V, Dkt. No. 1; *see also* White's Mot. Dismiss, Ex. C (Foreclosure Docket), Dkt. No. 1, ECF No. 50-4. They also filed affidavits certifying ownership of the Loan, verifying that the default occurred on August 1, 2010, and attesting that Nationstar had conducted a loss mitigation analysis in which it concluded that Earl Wright did not qualify because of missing documents and vacant property. Foreclosure Docket, Dkt. Nos. 4, 5, 6, 7; Am. Compl. ¶¶ 125-29.

Plaintiff hired Richard S. O'Connor, Esquire, to represent her during the foreclosure action. Am. Compl. ¶ 131. She moved for and received a 30-day stay to find re-financing for the Loan. *Id.* ¶ 132; *see also* Foreclosure Docket Dkt. Nos. 11, 17, 20. Ultimately, however, her refinancing efforts were hampered by the fact that Nationstar had submitted negative credit reports to consumer reporting agencies. Am. Compl. ¶¶ 133-34.

The Property was eventually sold at an auction on June 10, 2013 to Baltimore Home Alliance. *Id.* ¶ 136. The Montgomery County Circuit Court ratified the sale on October 11, 2013. Foreclosure Dkt. No. 36. Subsequently, Baltimore Home Alliance substituted in a fourth party purchaser, Eduarda Santiago, Foreclosure Docket, Dkt. No. 52, who completed settlement with the Substitute Trustees on or about October 22, 2014, *see* Santiago's Mot. Substitute Party, Ex. A., ECF No. 54-2. Santiago later sold the Property to MD Sant, LLC. Santiago's Mot. Substitute Party, Ex. B, ECF No. 54-3.

At some point following ratification of the foreclosure sale, Federal Title and Escrow Company and Joe Gentile performed a title search and reported the Property free and clear of all encumbrances. Am. Compl. ¶ 142.

In September 2014, Plaintiff sent Nationstar a Qualified Written Request. Compl. ¶ 144. Nationstar did not respond. *Id.*

Beginning in October 2014, Plaintiff (on behalf of herself and as administrator of Earl Wright's estate) filed various actions, including the original Complaint in this matter against Nationstar, BANA, and Samuel I. White, P.C. Nationstar, BANA, and Samuel I. White, P.C. removed the Complaint to this Court on December 22, 2014. ECF No. 1. After several Court granted-extensions, Plaintiff filed an Amended Complaint on July 8, 2015, adding many new Defendants. ECF No. 45. Of the Defendants that have entered an appearance in this case, all have filed Motions to Dismiss the Amended Complaint for failure to state a claim.[11] ECF Nos. 50, 55, 65, 80, 85, 91, 101, and 107.

## II.

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [he] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing Fed. R. Civ. P. 8(a)(2)). If pleadings allege fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under the heightened pleading standard of Rule 9(b), "[t]hese circumstances are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained

---

[11] Some of these Defendants have also moved to dismiss the Complaint for insufficient service of process: Samuel I. White, P.C., John E. Driscoll, III, Esquire, Deena L. Reynolds, Esquire, Daniel J. Pesachowitz, Esquire, Robert H. Hillman, Esquire, Baltimore Home Alliance, Behzad Gohari, Esquire, Stanley Zimmerman, Esquire, and Timothy Geithner. *See* ECF Nos. 50, 80, 91, 101, 107. Although these Defendants appear to be correct that service was improper, a court does not ordinarily dismiss a complaint based on insufficient service of process alone; instead, typically it quashes service and allows the case to remain on the docket pending effective service. *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983). In this case, however, requiring proper service would largely waste time, given that other grounds warrant the Amended Complaint's dismissal. *See Jackson v. Warning*, No. PJM 15-1233, 2016 WL 520947, at *3 (D. Md. Feb. 5, 2016). The Court, therefore, will deny these Defendants' request to dismiss the case based on insufficiency of service and instead address the sufficiency of the allegations. *See id.*

thereby.'" *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (quoting *Harrison v. Westinghouse Savannah River Co*., 176 F.3d 776, 784 (4th Cir. 1999)).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a court will accept factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Indeed, the court need not accept legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In the end, the complaint must contain factual allegations sufficient to apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

While federal courts are obliged to liberally construe a *pro se* litigant's claims in applying the above analysis, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit has noted that "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)).

Finally, "[a] district court has the discretion to grant a motion to dismiss with or without prejudice." *Hinks v. Bd. of Educ. of Harford Cnty.*, CIV. WDQ-09-1672, 2010 WL 5087598, at

*2 (D. Md. Dec. 7, 2010). Dismissal with prejudice "is proper if there is no set of facts the plaintiff could present to support his or her claim." *Id.* (citing *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008)).

## III.

The Court addresses each of Plaintiff's claims.

### A.  Count I: Breach of Contract and Count II: Breach of Good Faith and Fair Dealing

In Count I, Plaintiff alleges that Nationstar[12] violated the Deed by failing to take any action to allow her to assume Earl Wright's Loan after he passed away. Am. Compl. ¶ 160. Nationstar argues that, because Plaintiff cannot demonstrate that any obligation was owed by Nationstar upon Earl Wright's transfer of the Loan, her claim fails as a matter of law. The Court agrees.

Under Maryland law, "[t]o prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. Nationsbank, N.A.*, 776 A.2d 645, 651 (Md. 2001) (citing *Continental Masonry Co., Inc. v. Verdel Const. Co., Inc.*, 369 A.2d 566, 569 (Md. 1977)). Here, Nationstar owed contractual duties to Earl Wright under the Deed. Am. Compl. ¶¶ 1, 61, 70. These duties, however, did not include an obligation for Nationstar to take any action upon a

---

[12]  For every claim against Nationstar, Plaintiff alleges the same claim against GMAC Mortgage Corporation (GMAC) and BANA. BANA has moved to dismiss all Counts against it (Counts I through XVII and Count XX) for failure to state a claim. ECF No. 65. As BANA notes, Plaintiff fails to describe how BANA has had *any* connection to the Loan or the actions taken with regard to the Loan. The Court agrees and finds that Plaintiff has clearly failed to state any plausible cause of action against BANA, *see Twombly*, 550 U.S. at 555, nor could she conceivably do so. Counts I through XVII and Count XX are **DISMISSED WITH PREJUDICE** as to BANA. Similarly, although Plaintiff has alleged that GMAC Mortgage Corporation had *some* connection to the Loan, the company's involvement with the Loan clearly ended prior to any of the alleged wrongful conduct at issue in the Amended Complaint. *See* Am. Compl. ¶ 70. Plaintiff's claims therefore fail to state a plausible cause of action against this entity as well. *Twombly*, 550 U.S. at 555. The Court will *sua sponte* **DISMISS WITH PREJUDICE** Counts I through XVII and Count XX as to GMAC Mortgage Corporation. The remainder of this Memorandum Opinion will only address the pertinent claims (Counts I through XVII and Count XX) as made against Nationstar.

transfer of interest in the Property. Although the Adjustable Rate Rider, incorporated by reference into the Deed of Trust, allowed the Lender, in this case Nationstar, to consent to transfers of property, nowhere did it mandate that the Lender take any particular action in the event the Loan was transferred. *See* Am. Compl., Ex. B (Adjustable Rate Rider) at §B(2). Since Plaintiff cannot demonstrate Nationstar had a duty to do anything upon Earl Wright's transfer of the Loan, let alone an obligation to allow her to "assume" the Loan, her breach of contract claim in Count I fails as a matter of law and is **DISMISSED WITH PREJUDICE**.

Plaintiff's attempt in Count II to assert a claim for breach of implied covenant of good faith and fair dealing against Nationstar fares no better. Maryland law does not recognize a second cause of action for breach of implied covenant separate from a breach of contract claim in general. *Magnetti v. Univ. of Maryland*, 909 A.2d 1101, 1105 n.3 (Md. 2006) *aff'd*, 937 A.2d 219 (2007). Since Plaintiff cannot establish a breach of contract claim based on her allegations, she cannot maintain a breach of implied covenant claim. Count II is **DISMISSED WITH PREJUDICE**.

### B.   Count III: Violation of the Real Estate Settlement Procedures Act

In Count III, Plaintiff alleges that various Defendants violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq*. She does not specify which provisions of RESPA these Defendants violated, but she does make certain factual allegations particular to each Defendant. All are meritless.

Plaintiff asserts that Federal Title and Escrow Company (FTE) and Joe Gentile, Esquire violated RESPA by making certain intentional "misrepresentations" regarding the Property, and that the Substitute Trustees and their attorneys violated RESPA because they failed to conduct a "final loss mitigation analysis" as they were "obligat[ed] to do" prior to foreclosure. Am. Compl.

¶¶ 167, 171. In their Motions to Dismiss, these Defendants contend that, to the extent that Plaintiff attempts to bring any RESPA claims against them, her causes of action fail as a matter of law. She does not allege – nor can she – that FTE, FTE's attorney, Joe Gentile, Esquire, or the individual attorneys who acted as Substitute Trustees had any obligation to provide the mortgage settlement services mandated under RESPA. *See generally* 12 U.S.C. § 2601, *et seq.* The Court agrees. Count III is **DISMISSED WITH PREJUDICE** as to FTE, Joe Gentile, Esquire, and the Substitute Trustees and their attorneys who have moved to dismiss this Count.[13] Count III is *sua sponte* **DISMISSED WITH PREJUDICE** as to those Substitute Trustees who have not appeared in this matter.[14]

Plaintiff also alleges that Nationstar violated RESPA by failing to afford her or Earl Wright's estate timely notice of intent to foreclose, by failing to conduct a "final loss mitigation analysis" as it was "obligated to do" prior to foreclosure, and by failing to respond to the Qualified Written Request (QWR) she sent in September 2014. Am. Compl. ¶¶ 167-70. All of these claims against Nationstar fail as a matter of law.

As for Plaintiff's RESPA claim regarding untimely notice, Plaintiff cites no provision of RESPA that sets forth timeliness requirements for notices of intent to foreclose. With regard to her loss mitigation analysis claim, Plaintiff's allegations clearly contradict the facts as stated elsewhere in the Complaint. Although she claims in this Count that she did not receive a loss mitigation analysis prior to foreclosure, she clearly states in the Amended Complaint that Nationstar did in fact engage in loss mitigation analyses for the Loan. *See* Am. Compl. ¶¶ 109, 121. The fact that Nationstar either provided her with a loan modification option that was not to

---

[13] John E. Driscoll, III, Esquire, Daniel J. Pesachowitz, Esquire, Deena L. Reynolds, Esquire, and Robert H. Hillman, Esquire.

[14] Robert E. Frazier, Esquire, Jana M. Gantt, Esquire, Laura D. Harris, Esquire, and Kimberly Lane, Esquire.

her liking, *see id.* ¶ 109, or that it concluded that the mortgage was not eligible for modification, *see id.* ¶ 121, does not provide the basis for a viable claim under RESPA. *See generally* 12 C.F.R. § 1024.41 (defining loss mitigation application procedures under RESPA and stating that "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option").

Concerning Plaintiff's allegations with regard to Nationstar's failure to respond to the QWR she sent in September 2014, this claim is meritless as well. Although Plaintiff says she sent a QWR in September 2014 – a date *after* the Property was foreclosed upon and sold in June 2013 – she provides no other information to the Court in support of this claim. A QWR is written correspondence from a borrower to a mortgage servicer which must satisfy certain requirements under law. 12 U.S.C. § 2605(e). Here, not only does Plaintiff fail to provide details for the Court to ascertain if she in fact sent a valid QWR under RESPA, but she also fails to explain why Nationstar was obligated to respond at all post-foreclosure. Plaintiff therefore fails to state a plausible claim under RESPA, nor can she conceivably do so. Count III is thus **DISMISSED WITH PREJUDUCE** as to Nationstar.

### C.  Count IV: Violation of the Truth-in-Lending Act

In Count IV, Plaintiff broadly alleges that Nationstar, the Substitute Trustees and their attorneys, FTE, and Joe Gentile, Esquire violated the Truth-in-Lending Act (TILA). The TILA is a statute which, in general, requires lenders to disclose certain information about loans (such as their annual percentage rate). *See generally* 15 U.S.C. § 1601, *et seq.* Plaintiff, however, does not plead *any* facts to suggest that appropriate information regarding the Loan was not disclosed to her or Earl Wright. As such, she fails to state a plausible claim for relief under the TILA. *See* Am. Compl. ¶¶ 172-73. Count IV is **DISMISSED WITH PREJUDICE** as to FTE, Joe Gentile,

Esquire, and the Substitute Trustees and their attorneys who have moved to dismiss this Count.[15]
Count IV is *sua sponte* **DISMISSED WITH PREJUDICE** as to those Substitute Trustees who
have not appeared in this matter.[16]

### D.  Count V: Violation of the Home Affordable Mortgage Program

In Count V, Plaintiff alleges that Nationstar violated the Home Affordable Mortgage
Program (HAMP) by failing to grant Earl Wright a trial period plan, failing to grant him a
permanent modification, and misplacing documents related to Plaintiff's HAMP application.
Am. Compl. ¶¶ 180-95. She also suggests that former U.S. Secretary of the Treasury Timothy F.
Geithner, as implementer of the HAMP, was somehow responsible for Nationstar's actions. *See*
Am. Compl. ¶ 176. Regardless of the substance of Plaintiff's allegations under the HAMP, they
fail as a matter of law because there is no private right of action to enforce the HAMP guidelines.
*See Sheard v. Bank of Am., N.A.*, No. CIV PJM 11-3082, 2012 WL 3025119, at *3 (D. Md.
2012) (citing cases). Count V is **DISMISSED WITH PREJUDICE**.

### E.  Count VI: Deed Assumption "Ratification" and Count VII: Dead Assumption "Estoppel"

In Count VI, Plaintiff suggests that Nationstar "ratified" her assumption of the Loan by
failing to object to the transfer of the Property between her and her father, by failing to request
that she assume the Loan by paying a "fee," and by declining to evaluate her for a loan
modification. Am. Compl. ¶¶ 197-207. In Count VII, Plaintiff further claims that, because of
these actions or omissions, Nationstar should be estopped from denying that Plaintiff assumed
the Loan. *See id.* ¶ 209. Nationstar argues that both Counts should be dismissed because neither
theory applies here. The Court agrees.

---

[15] John E. Driscoll, III, Esquire, Daniel J. Pesachowitz, Esquire, Deena L. Reynolds, Esquire, and Robert
H. Hillman, Esquire.
[16] Robert E. Frazier, Esquire, Jana M. Gantt, Esquire, Laura D. Harris, Esquire, and Kimberly Lane,
Esquire.

In Maryland, the doctrine of ratification allows a principal to retroactively authorize the acts of an agent who was originally without authorization to perform a particular act. *See Smith v. Merritt Sav. & Loan, Inc.*, 295 A.2d 474, 480 (Md. 1972). In her Amended Complaint, Plaintiff fails to clarify how exactly this doctrine applies to Nationstar's failure to recognize her assumption of the Loan or to evaluate her for a modification, nor can she conceivably do so. Count VI is **DISMISSED WITH PREJUDICE**.

Plaintiff's estoppel claim is similarly flawed. Maryland courts have defined equitable estoppel as "the effect of the voluntary conduct of a party whereby he is absolutely precluded both at law and in equity, from asserting rights which might perhaps have otherwise existed . . . as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse." *Lipitz v. Hurwitz*, 77 A.3d 1088, 1098 (Md. 2013) (quoting *Hill v. Cross Country Settlements*, 936 A.2d 343 (Md. 2007)). A claim in equitable estoppel is cognizable as a defense to an action or to avoid a defense. *See Lipitz*, 77 A.3d at 1099. Here, Plaintiff has failed to show how equitable estoppel would apply to her circumstances. She does not plead that Nationstar made any binding representation to her that she could assume the Loan—she simply states that Nationstar failed to object to her alleged assumption of the Loan. Further, her attempt to use this doctrine to state a claim (rather than to avoid a defense) is illogical. Count VI fails as a matter of law and is **DISMISSED WITH PREJUDICE**.

### F.  Count VIII: Fraudulent Misrepresentation and Negligent Misrepresentation

In Count VIII, Plaintiff alleges that Nationstar, Nationstar's attorney, Craig Haughton, Esquire, Nationstar's foreclosure specialists Nick Green and Jessica Mitchell, Samuel I. White, P.C., and the Substitute Trustees and their lawyers made the following "false" statements: that

they would assist her with a loan modification, that they had lost paperwork for the loan modification, that she was the borrower on the Deed, that transfer of the Property from Earl Wright to Plaintiff was unauthorized, that they had no knowledge of the transfer, and that neither Earl Wright nor Plaintiff met the HAMP eligibility guidelines. Am. Compl. ¶¶ 211-229. She states that these statements were made with intent to deceive. *Id.* Am. Compl. ¶ 230. Several Defendants named in this Count argue that, to the extent Plaintiff attempts to bring fraud claims on the basis of these facts, her claims fail because she does not allege all of the necessary elements to state a fraud claim with particularity. The Court agrees.

To state a fraud claim in Maryland, a plaintiff must plead that (1) the defendant made a false representation to the plaintiff, (2) the defendant knew of representation's falsity or was recklessly indifferent as to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied upon the misrepresentation and had the right to do so, and (5) the plaintiff suffered compensable injury resulting from the misrepresentation. *Moscarillo v. Prof'l Risk Mgmt. Servs., Inc., et al.*, 921 A.2d 245, 254 (Md. 2007) (citing cases). Additionally, in order to comply with Federal Rule of Civil Procedure 9(b), the allegations of fraud must describe "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Weidman*, 776 F.3d at 219. Here, other than vague references to misrepresentations that were made, Plaintiff fails to plead any of the elements of fraud with particularity. Moreover, she appears to state that *all* of the Defendants named in this Count made *all* of the "false" representations without any attempt to differentiate between them. Her fraud claims in Count VIII fail as a matter of law.

Plaintiff also apparently alleges negligent misrepresentation in Count VIII, but this claim misses the mark as well. To state a claim for negligent misrepresentation, she must state, among other elements, that the Defendants owed her a duty of care. *Sheets v. Brethren Mut. Ins. Co.*, 679 A.2d 540, 551 (Md. 1996). Plaintiff fails to plead that any of the Defendants owed her a duty of care in the servicing of her mortgage or in the foreclosure process more generally. And, in fact, she cannot do so as a matter of law with respect to Nationstar, the only Defendant in this Count that the Court can conceivably tie to the supposed misrepresentations. Maryland courts have held that no duty of care exists between a lender or loan servicer and a borrower, outside the duties stated in a contract. *See Parker v. Columbia Bank*, 604 A.2d 521, 532 (Md. App. 1992) (citing cases). Plaintiff also fails to state a plausible claim for relief under a negligence theory.

Count VIII is therefore **DISMISSED WITH PREJUDICE** as to Nationstar, Craig Haughton, Esquire, Samuel I. White, P.C., and the Substitute Trustees and their lawyers who have moved to dismiss this Count.[17] Count VIII is *sua sponte* **DISMISSED WITH PREJUDICE** as to the Substitute Trustees who have not appeared in this matter[18] and the Nationstar foreclosure specialists Nick Green and Jessica Mitchell.

## G. Count IX: Violation of the Maryland Consumer Protection Act[19]

In Count IX, Plaintiff broadly claims violation of the Maryland Consumer Protection Act (MCPA) against Nationstar, Craig Haughton, Esquire, Nick Green, Jessica Mitchell, Samuel I. White, P.C., and the Substitute Trustees and their lawyers. Am. Compl. ¶¶ 233-34. Several of the Defendants named in this Count argue that Plaintiff has identified no representations which are

---

[17] John E. Driscoll, III, Esquire, Daniel J. Pesachowitz, Esquire, Deena L. Reynolds, Esquire, and Robert H. Hillman, Esquire.

[18] Robert E. Frazier, Esquire, Jana M. Gantt, Esquire, Laura D. Harris, Esquire, and Kimberly Lane, Esquire.

[19] Plaintiff styles this Count as "Violation of the Maryland Consumer Protection Act/Common Law Fraud." To the extent that Count IX repeats the fraud claims stated in Count VIII, the claims are dismissed for the reasons state in Part III.F, *supra*.

applicable to this claim and has not pleaded how she has been deceived or damaged. The Court agrees.

A plaintiff bringing claim under the MCPA must allege: "(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes [the claimant's] actual injury." *Kaswell v. Wells Fargo Bank, N.A.*, No. CIV. A. RDB-13-2315, 2014 WL 3889183, at *5 (D. Md. Aug. 6, 2015) (internal citations and quotations omitted). Here, in her inability to identify any facts which support her MCPA claim, Plaintiff fails to state a plausible claim for relief, nor can the Court envision a way for her to do so.

Count IX is **DISMISSED WITH PREJUDICE** as to Nationstar, Craig Haughton, Esquire, Samuel I. White, P.C., and the Substitute Trustees and their lawyers who have moved to dismiss this Count.[20] Count IX is *sua sponte* **DISMISSED WITH PREJUDICE** as to the Substitute Trustees who have not appeared in this matter[21] and the Nationstar foreclosure specialists Nick Green and Jessica Mitchell.

### H.  Count X: Violation of the Maryland Consumer Debt Collection Act[22]

In Count X, Plaintiff similarly makes a broad claim for relief under the Maryland Consumer Debt Collection Act (MCDCA) against Nationstar, Craig Haughton, Esquire, Nick Green, Jessica Mitchell, Samuel I. White, P.C., and the Substitute Trustees and their lawyers. Am. Compl. ¶¶ 235-36. Several of these Defendants assert that Plaintiff fails to provide adequate factual support for this allegation. The Court agrees.

---

[20] John E. Driscoll, III, Esquire, Daniel J. Pesachowitz, Esquire, Deena L. Reynolds, Esquire, and Robert H. Hillman, Esquire.

[21] Robert E. Frazier, Esquire, Jana M. Gantt, Esquire, Laura D. Harris, Esquire, and Kimberly Lane, Esquire.

[22] Plaintiff styles this Count as "Violation of the Maryland Consumer Debt Collection Act/Common Law Fraud." To the extent that Count X repeats the claims stated in Count VIII, the fraud claims are dismissed for the reasons state in Part III.F, *supra*.

Under the MCDCA, nine specific kinds of action are prohibited in attempting to collect a debt. Md. Code Ann., Com. Law § 14-202. Although Plaintiff fails to specify which type of unlawful action the various Defendants allegedly committed under the Act, the Court will assume for purposes of the Motions to Dismiss that Plaintiff intended to assert that the Defendants foreclosed on the Property with the knowledge that they had no right to do so. *See* Md. Code Ann., Com. Law § 14-202(8). The factual assumption underlying this claim – that Defendants, including Nationstar, had no right to foreclose – is clearly contradicted by other facts in the Amended Complaint. Indeed, Plaintiff acknowledges that Nationstar held a valid security interest in the Loan and that the Loan was in default. Since Nationstar had a valid right to initiate the foreclosure action (through its agents, the Substitute Trustees), Plaintiff's attempts to argue that her foreclosure provides the basis for an MCDCA claim is futile.

Count X is **DISMISSED WITH PREJUDICE** as to Nationstar, Craig Haughton, Esquire, Samuel I. White, P.C., and the Substitute Trustees and their lawyers who have moved to dismiss this Count.[23] Count X is *sua sponte* **DISMISSED WITH PREJUDICE** as to the Substitute Trustees who have not appeared in this matter[24] and the Nationstar foreclosure specialists Nick Green and Jessica Mitchell.

## I.  Count XI: Negligence

In Count XI, Plaintiff alleges that Nationstar was negligent for making misrepresentations with regard to the Loan, the loan modification process, and her loan modification application. Am. Compl. ¶ 238. This claim fails as a matter of law for the reasons discussed in relation to Count VIII. *See* Part III.F, *supra*. Count XI is **DISMISSED WITH PREJUDICE**.

---

[23] John E. Driscoll, III, Esquire, Daniel J. Pesachowitz, Esquire, Deena L. Reynolds, Esquire, and Robert H. Hillman, Esquire.

[24] Robert E. Frazier, Esquire, Jana M. Gantt, Esquire, Laura D. Harris, Esquire, and Kimberly Lane, Esquire.

**J.   Count XII: Violation of Maryland Foreclosure Law, Count XIV: Foreclosure Reversal, Ejectment, and Recovery, and Count XV: Unjust Enrichment**

In Count XII, Plaintiff alleges that Nationstar and the Substitute Trustees and their attorneys violated Maryland foreclosure law by failing to perform a loss mitigation analysis and by allegedly omitting the alleged record owner of the Property – which is to say Plaintiff herself – from the sale.[25] In Count XIV, Plaintiff attempts to reverse the foreclosure of the Property and the sale of the Property against all of the Defendants except Timothy F. Geithner and Richard S. O'Connor, Esquire. In Count XV, she asserts that all of the Defendants except Timothy F. Geithner and Richard S. O'Connor, Esquire were "unjustly enriched" by foreclosing upon the Property when they were not legally entitled to do so. Am. Compl. ¶ 268. Defendants assert that these claims are barred by the doctrine of *res judicata*. The Court agrees.

The doctrine of *res judicata* precludes "the re-litigation of a claim that was decided or could have been decided in a prior suit." *See Snider Int'l Corp. v. Town of Forest Heights*, 906 F. Supp. 2d 413, 426 (D. Md. 2012). In Maryland[26] a subsequent claim is barred by *res judicata* when: "(1) the parties in the present litigation are the same or in privity with the parties in the earlier suit; (2) the second suit presents the same cause of action or claim as the first, or the claim could have been raised in the prior suit but was not; and (3) the prior adjudication was a final judgment on the merits by a court of competent jurisdiction." *See Poku v. Fed. Deposit Ins.*

---

[25] Nationstar argues that the claim that Plaintiff was omitted from the foreclosure proceeding is patently false. The Court agrees. The Montgomery County Circuit Court docket reveals that she was named a Defendant in the foreclosure proceeding both as a representative of Earl Wright's estate and in her individual capacity. *See generally* Foreclosure Docket. She also actively participated in the proceedings, as evidenced by her filing of a Motion to Stay. Foreclosure Docket, Dkt. No. 11. Plaintiff's dishonesty before the Court could well be grounds for sanctions against her.

[26] Under 28 U.S.C. § 1738, federal courts must give "full faith and credit" to judgments of state courts. Section 1738 does not allow federal courts to employ their own preclusion rules in determining the preclusive effect of state judgments. "Rather, it [. . . ] commands a federal court to accept the rules chosen by the State from which the judgment is taken." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 (1982).

*Corp. as Receiver for Washington Mu. Bank F.A.*, CIV.A. RDB-08-1198, 2011 WL 334680, at

*4 (D. Md. Jan. 31, 2011) (citing *R&D 2011, LLC v. Rice*, 938 A.2d 839, 848 (Md. 2008)).

All elements of *res judicata* are satisfied here. Plaintiff, on behalf of herself individually

and as representative of Earl Wright's estate was named as Defendant in the foreclosure

proceeding. The Substitute Trustees filed the Order to Docket suit and actually foreclosed upon

the Property, as they were appointed to do by Nationstar, the lender and servicer of the Loan.

The foreclosure proceeding also involved the named third party purchasers of the Property,

Baltimore Home Alliance and later Eduarda Santiago (which has been substituted by MD Sant,

LLC as Defendant). Accordingly, the parties in the present litigation are the same or in privity

with the parties in the earlier suit.[27] Further, the subject matter of the claims in Counts XII, XIV,

and XV is identical to or substantially similar to matters already decided by the Montgomery

county Circuit Court—i.e., whether the Substitute Trustees had a right to foreclose on the

Property and whether the property could be sold to a third party purchaser. Finally, none of the

allegations Plaintiff attempts to make in Counts XII, XIV, and XV occurred after the entry of the

Order Ratifying Sale, and there is no reason why Plaintiff could not have raised and adjudicated

her alleged claims in the foreclosure action.

For these reasons, Counts XII, XIV, and XV are *res judicata* and **DISMISSED WITH**

**PREJUDICE** as to Nationstar, the Substitute Trustees and their attorneys who have moved to

---

[27] Plaintiff also alleges Counts XII, XIV, and XV against various persons or entities that were not parties to the foreclosure proceeding or in privity with them. Those parties are: Samuel I. White, P.C., FTE, Joe Gentile, Esquire, Nick Green, Jessica Mitchell, and all of the attorneys named as Defendants in this action other than the Substitute Trustees themselves. To the extent that Plaintiff asserts purported Violation of Maryland Foreclosure Law, Foreclosure Reversal, Ejectment, and Recovery, and Unjust Enrichment claims against these Defendants, Plaintiff fails to state a plausible claim upon which relief can be granted. *See Brown v. Ocwen Loan Servicing, LLC*, No. CIV. PJM 14-3454, 2015 WL 5008763, at *4 n.7 (D. Md. Aug. 20, 2015).

dismiss this Count,[28] Craig Houghton, Esquire, FTE, Joe Gentile, Baltimore Home Alliance, Stanley Zimmerman, Esquire, Behzad Gohari, Esquire, and MD Sant, LLC. Counts XII, XIV, and XV are *sua sponte* **DISMISSED WITH PREJUDICE** as to all Defendants who have not appeared in this matter.[29]

### K.  Count XIII: Abuse of Process

In Count XIII, Plaintiff alleges that Nationstar and the Substitute Trustees and their attorneys abused civil process by filing the foreclosure action. Am. Compl. ¶¶ 248-49. These Defendants argue that this claim should be dismissed because Plaintiff cannot plausibly allege that they used the foreclosure proceeding in an unlawful manner.

Under Maryland law, a plaintiff bringing an abuse of civil process claim must allege, among other elements, that a defendant willfully or wrongfully used legal process in a manner not contemplated by law. *See Lee v. Queen Anne's Cty. Office of Sheriff*, No. CIV. A. RDB-13-672, 2014 WL 476233, at *15 (D. Md. Feb. 5, 2014). Here, it is clear that Defendants used the foreclosure process for a lawful purpose – to foreclose upon a home in default and sell it to a bona fide third party purchaser. *See generally* Foreclosure Docket. Plaintiff therefore cannot state a claim for relief under the abuse of civil process tort, nor can she conceivably do so. This Count is **DISMISSED WITH PREJUDICE** as to Nationstar and the Substitute Trustees and their attorneys who have moved to dismiss this Count.[30] Count XIII is *sua sponte* **DISMISSED**

---

[28] John E. Driscoll, III, Esquire, Daniel J. Pesachowitz, Esquire, Deena L. Reynolds, Esquire, and Robert H. Hillman, Esquire.

[29] Robert E. Frazier, Esquire, Jana M. Gantt, Esquire, Laura D. Harris, Esquire, Kimberly Lane, Esquire, Nick Green, and Jessica Mitchell.

[30] John E. Driscoll, III, Esquire, Daniel J. Pesachowitz, Esquire, Deena L. Reynolds, Esquire, and Robert H. Hillman, Esquire.

**WITH PREJUDICE** as to all Substitute Trustees that have not entered an appearance in this matter.[31]

### L. Count XVI: Libel and Slander *Per Se*

In Count XVI, Plaintiff asserts that Nationstar wrongfully caused late payment notifications to be "disseminated" to credit reporting agencies. Am Compl. ¶ 275. Plaintiff thus attempts to bring a state law claim for credit reporting errors. Nationstar argues that such a claim fails as a matter of law because it is preempted by the Fair Credit Reporting Act (FCRA). The Court agrees.

Section 1681s-2 of the FCRA imposes various obligations on entities which furnish credit information, including the duty to provide complete and accurate reporting of a consumer's credit history. *See generally* 15 U.S.C. § 1681s-2. Any claims that might be brought against furnishers of credit information under 15 U.S.C. § 1681s-2 preempt corresponding state law claims unless the furnisher of credit information acts with "malice or willful intent to injure" the consumer. 15 U.S.C. § 1681h(e); *see also White v. Green Tree Servicing, LLC*, 118 F. Supp. 3d 867, 873 (D. Md. 2015).

Here, Plaintiff asserts that Nationstar acted wrongfully when it reported the delinquency on the Loan to credit reporting agencies. She states it did so with "knowledge" or "reckless disregard." Am. Compl. ¶¶ 275, 279. She has failed to allege, however, that Nationstar acted with malice or willful intent to injure her. As such, her claims for libel and slander are preempted by the FCRA and are **DISMISSED WITH PREJUDICE**.

---

[31] Robert E. Frazier, Esquire, Jana M. Gantt, Esquire, Laura D. Harris, Esquire, and Kimberly Lane, Esquire.

## M. Count XVII: Civil Conspiracy

In Count XVII, Plaintiff claims that all Defendants except Secretary Geithner and Richard S. O'Connor, Esquire made an "agreement . . . to not recognize and/or accept [her] as assumer of [Earl Wright's] loan, as his Successor in Interest, and as the proper superior party in any foreclosure action in order to accomplish their goal of possession and sale of the [P]roperty." Am. Compl. ¶ 286.

Under Maryland law, "a civil conspiracy is a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." *Green v. Washington Suburban Sanitary Comm'n*, 269 A.2d 815, 824 (Md. 1970). Here, although Plaintiff has vaguely alleged that some "agreement" was formed among almost all of the Defendants, she cannot plausibly demonstrate that either the foreclosure of the Property or that fact that she was not allowed to assume the Loan were motivated by a desire to commit unlawful acts for the various reasons discussed at length above. Count XVII is therefore **DISMISSED WITH PREJUDICE** as to Nationstar, the Substitute Trustees and their attorneys who have moved to dismiss this Count,[32] Craig Houghton, Esquire, FTE, Joe Gentile, Esquire, Baltimore Home Alliance, Stanley Zimmerman, Esquire, Behzad Gohari, Esquire, and MD Sant, LLC. Counts XVII is *sua sponte* **DISMISSED WITH PREJUDICE** as to all Defendants who have not appeared in this matter.[33]

---

[32] John E. Driscoll, III, Esquire, Daniel J. Pesachowitz, Esquire, Deena L. Reynolds, Esquire, and Robert H. Hillman, Esquire.

[33] Robert E. Frazier, Esquire, Jana M. Gantt, Esquire, Laura D. Harris, Esquire, Kimberly Lane, Esquire, Nick Green, and Jessica Mitchell.

### N.  Count XVIII: Legal Malpractice and Count IX: Breach of Fiduciary Duty

In Counts XVIII and IX, Plaintiff brings legal malpractice and breach of fiduciary duty claims, respectively, against her attorney in the foreclosure proceeding, Richard S. O'Connor, Esquire. Both claims are premised upon her assertion that Mr. O'Connor failed to adequately defend, advance, or further her interests in the Property during the foreclosure proceeding. Am. Compl. ¶¶ 295-98, 302.

These claims are meritless. In essence, Plaintiff's allegations against her former attorney are based upon the assertion that the foreclosure of the Property was unlawful, that Mr. O'Connor could or should have done something to prevent the foreclosure, and that he breached his duties to her as a client for failing to do so. For all of the reasons discussed above, the foreclosure of the Property was clearly not unlawful as the Loan was – by Plaintiff's own admission – in default. Am. Compl. ¶ 86 (noting that there was "a significant delinquency in loan payments to . . . Nationstar"). Moreover, it is clear from the record of the foreclosure proceeding that Mr. O'Connor filed a Motion to Stay, which, when it was ultimately granted, enabled his client to attempt to seek refinancing on the Loan. Foreclosure Docket, Dkt. Nos. 11, 17, 20; *see also* Am. Compl. ¶ 132. The Motion to Stay may not have ultimately prevented the foreclosure, but it was a notable legal victory in light of Plaintiff's extremely low prospects of prevailing in the proceeding. Plaintiff's claims against her former attorney are thus baseless, and Counts XVIII and IX are *sua sponte* **DISMISSED WITH PREJUDICE**.

### O.  Count XX: Declaratory Judgment

In Count XX, Plaintiff demands declaratory relief (styled as a separate cause of action), requesting that the Court declare that she assumed Earl Wright's rights, benefits, and obligations

under the Deed, that Defendants breached the Deed, and that Defendant MD Sant, LLC relinquish all rights to the Property.[34] Am. Compl. ¶ 309. The Court will not do so.

Declaratory relief exists only if a plaintiff can state an underlying claim upon which relief may be granted. *Harte-Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Grp., Inc.*, 299 F. Supp. 2d 505, 528 (D. Md. 2004). As Plaintiff's underlying claims related to her assumption of the Deed, the obligations owed under the Deed, and the propriety of the foreclosure proceeding are untenable for the reasons explained above, Plaintiff is not entitled to any declaratory relief. Count XX is **DISMISSED WITH PREJUDICE**.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 50, 55, 65, 80, 85, 91, 101, and 107) are **GRANTED**. All Counts of the Complaint are **DISMISSED WITH PREJUDICE** as set forth in the accompanying Order.[35]

A separate Order will **ISSUE**.

_____*/s/*_____

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**March 18, 2016**

---

[34] The Court observes that Plaintiff has filed two Notices of Lis Pendens with respect to the Property in this action. ECF Nos. 6, 34. While the Court will enter a Final Order dismissing this action, it will also order Plaintiff to immediately remove the *lis pendens* clouding the Property's title. Should Plaintiff fail to do so, the Court will permit MD Sant, LLC, the current owner of the Property, to submit a motion for Plaintiff to be held in contempt of Court.

[35] It is not known whether Plaintiff is an attorney or has consulted an attorney in the preparation and pursuit of this case, or if she has merely copied someone else's complaint or downloaded a complaint from the Internet. But even if she has been proceeding purely *pro se*, this suit clearly crosses the line from arguably rational to abusive. Plaintiff asserts claims that have absolutely no basis in law or fact, often against individuals or entities that have had little or no connection to the real estate involved in this suit. The result is that all the many named Defendants have been forced to expend much time and money defending against these baseless claims. Although the Court is entering a Final Order in the case, should any Defendant wish to file a motion for sanctions against Plaintiff, the Court will consider re-opening the case to allow for briefing and a decision with respect to such request.